Judge Owsley
delivered the Opinion of the Court.
The plaintiff brought an action of trespass against the defendant, for throwing him from a ferry boat into Green river.
On the trial in the circuit court, it was proved by one witness,- that the plaintiff was standing on the gunnel of the boat, about midway thereof, when the defendant entered into the boat, at one end, passed along that side of the boat on which the *338 plaintiff was standing, and as he passed, lie put his arm or shoulder against the plaintiff, and with a hunch threw him into the river. And by another witness, it was proved that the plaintiff was thrown into the river by the defendant, but the witness thinks it was done by accident, and not by design. Both of the witnesses proved that there was sufficient room in the boat for the defendant to have passed without interrupting the plaintiff.
Instruction refused,
Trespass is the action by negHgence!
After the evidence was through, the court was moved by the counsel of the plaintiff to instruct the jury, that if they believed from the evidence, that the defendant threw the plaintiff into the river by design, or from negligence in passing, they ought to find for the plaintiff; but the motion was overruled, and the instruction refused.
The question is, was the court correct in refusing to give the instruction to the jury?
It is presumed that in refusing the instruction, the court must have entertained the opinion, that for the injury sustained by being thrown into the riv-eih the plaintiff cannot maintain an action of trespass, unless the act which caused the injury was intentional on the part of the defendant. But if such was the opinion of the court, it will be found not to be supported by the doctrine of the law, as laid down by elementary writers, or as recognized by adjudged cases.
Chitty in the first volume of iiis pleading, page 129, says that the intent or design of the wrong doer is not the criterion as to the form of the remedy, for where the act occasioning an injury is unlawful, the intent of the wrong doer is immaterial,,and it is clear that the mind need not concur in the act that occasions an injury to another; and if the act occasions an immediate injury, trespass is the proper remedy, without reference to. the intent. There are many cases in the books where the injury being direct and immediate; trespass has been liolden to lie, though the injury were not intentional, as in Weaver vs. Ward, Hobart, 334, where the defendant exercising in the trained bands, and firing bis *339 muslcet by accident, hurt the plaintiff; and in Underwood vs. Henson, 1 Stra. 596, where one un-cocking a gun, it went off, and accidently wounded a bystander; and if one turning round suddenly, were to knock another down he did not see, without intending it, no doubt the action should be trespass.
JWayes, for plaintiff.
In the case of Taylor vs. Rainbow, 2 Hen. Mun. 423, it was decided by the appellate court of Virginia, to be immaterial in trespass vi et armis, whether the injury be committed wilfully or not.
The instruction should have been given to the jury. The judgment must be reversed with cost, the cause remanded to the court below, and further proceeding there had, not inconsistant with this opinion.